# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RYAN M. REDMOND,**

    **Plaintiff,**

  **v.**           **Case No. 12-C-587**

**SIRIUS INTERNATIONAL INSURANCE CORP.,**

    **Defendant.**

---

## ORDER ON THE DEFENDANT'S MOTION TO STRIKE

---

  Currently pending before the court are nine motions filed by the parties on September 9, 2013. (Docket Nos. 54, 56, 58, 60, 62, 63, 66, 70, 75.) While the briefing proceeds with respect to eight of these motions, one motion, Sirius International Insurance Corp.'s ("Sirius") expedited non-dispositive motion to strike the plaintiff's second supplemental answer to defendant's interrogatory number 11, (Docket No. 62), is ready for resolution.

  Sirius contends that the plaintiff, Ryan M. Redmond ("Redmond") is dramatically altering the nature of his bad faith claim through his second supplemental answer to defendant's interrogatory number 11. Because this shift in the nature of Redmond's bad faith claim came only after the close of discovery, Sirius contends that it has been prejudiced by not being able to obtain relevant discovery on these new claims.

  The facts and background of this case are set forth in this court's prior order and will not be restated here. Redmond v. Sirius Int'l Ins. Corp., 2012 U.S. Dist. LEXIS 110594 (E.D. Wis. Aug. 7, 2012). For present purposes, it is sufficient to note that Redmond was insured by Sirius

at the time of his injury. Sirius subsequently determined that the policy did not provide coverage and refused to cover Redmond's claim for expenses. Redmond filed suit alleging breach of contract and, as is relevant for present purposes, bad faith. (Docket No. 1-1 at 12-13, ¶¶41-47.)

During the course of discovery, Sirius presented the following to Redmond as its Interrogatory No. 11:

> Do you contend that Defendant has committed an act of bad faith toward you other than denying your claim for benefits under the Policy? If your answer to this interrogatory is anything other than "No," please describe each and every such act and identify any persons who committed and/or are witnesses to each and every such act of bad faith.

(Docket No. 62-5 at 6.) On September 10, 2012, Redmond answered this interrogatory, "No." (Docket No. 62-5.) Redmond's March 5, 2013 deposition testimony reaffirmed his assertion that his bad faith claim was limited to Sirius' denial of his claim. (Docket No. 68-1 at 51 ("Q: Give me each and every fact that you have to support that allegation [of bad faith].… A: The fact that I had insurance with Sirius for five or six years, and that they denied my – paying my claims. It's that simple.").)

On January 19, 2013, Redmond supplemented this response stating: "Yes, Sirius engaged in bad faith by seeking to rescind the Certificate of Insurance it issued to me." (Docket No. 62-7 at 2.) Pursuant to this court's April 18, 2013 order, July 19, 2013 was the deadline by which all discovery was to be completed. (Docket No. 42.) Eleven days after this deadline, Redmond served his second supplemental answer to Interrogatory No. 11 wherein he now answered as follows:

> Yes. Sirius engaged in bad faith by (1) failing to conduct an adequate investigation of my claim before denying it; (2) denying my claim; (3) failing to withdraw its denial immediately following Tammi Peters' deposition; (4) failing to withdraw its denial immediately following Reed Finlay's deposition; (5) asserting its second, third, fifth, seventh and eighth affirmative defenses in the Answer and Affirmative Defenses it filed with the Court on June 14. 2012; and

(6) asserting portions of its first Claim to Relief and its second and third Claims to Relief in the Counterclaim for Declaratory Judgment and Other Relief it filed with the Court on June 14, 2012.

(Docket No. 62-4.) It is this second supplemental answer that the defendant seeks to strike.

Redmond contends that his "supplemental discovery responses merely describe those already-known acts of bad faith by Sirius." (Docket No. 78 at 2.) In fact, in Redmond's view, he had no duty to even supplement his response. (Docket No. 78 at 3.) Redmond continues and states, "Redmond's supplemental discovery responses were triggered by Sirius' withdrawal of numerous mean-spirited and meritless affirmative defenses and counterclaims it filed against Redmond at the inception of this case, accusing him of dishonesty and fraud, which Sirius waited until five days after discovery had closed to withdraw. Redmond's supplemental discovery responses were in direct response to Sirius' withdrawal of those accusations, and thus could not have been served any earlier." (Docket No. 78 at 3-4.)

The court first notes that Redmond's second cause of action in his complaint repeatedly and explicitly alleges that Sirius acted in bad faith only by denying his claim. (Docket No. 1-1 at 13-14, ¶¶41-47.) Amidst this second cause of action, Redmond alleges that "Sirius Insurance either knew or recklessly failed to ascertain that the claims should have been paid…." The court regards this statement as consistent with the first part of Redmond's second supplemental answer to interrogatory number 11 wherein he alleges that Sirius acted in bad faith by failing to conduct an adequate investigation. Thus, this portion of the answer will not be stricken.

The court will now address those matters of greater concern. Redmond states that his supplemental response was "in direct response to Sirius' withdrawal of" certain affirmative defenses, which occurred after the close of discovery. (Docket No. 78 at 4.) This statement does not appear compatible with the date on the plaintiff's second supplemental answer, which

3

indicates that it was signed and sworn before a notary public on July 19, 2013, the date discovery closed. Redmond's explanation of this discrepancy appears in a footnote (a technique much disfavored by the court) and indicates that the supplemental response was drafted and signed on the date discovery closed, following a telephonic status conference that day with the court during which Sirius indicated it would be withdrawing the affirmative defenses, but Redmond waited until after Sirius formally withdrew these affirmative defenses to serve the supplemental answer. (Docket No. 78 at 4, fn. 6.) The court will accept the plaintiff's explanation that his supplemental response was not backdated, but that is of no moment.

Of greater importance is that the complaint does not allege or even allude to the four other distinct acts of alleged bad faith presented in his second supplemental answer to interrogatory number 11. Obviously, these alleged acts could not have been included in the initial complaint because each occurred subsequent to the complaint. But the proper means to expand a bad faith claim to incorporate these distinct subsequent acts is through a motion to amend the complaint. A plaintiff cannot amend his complaint through an answer to an interrogatory. Thus, irrespective of whether the court was to grant the motion to strike, the supplemental answer would seem to be irrelevant because the court has no reason to believe that Redmond would be permitted over objection to present at trial these distinct claims that were not included in his complaint.

Aside from the fact that Redmond is, in the court's view, attempting to constructively amend his complaint through an answer to an interrogatory, the court finds that the answer must be stricken because it was untimely and Sirius would be prejudiced if it was allowed to stand. Redmond's statement that the second supplemental response was prompted by Sirius' withdrawal of certain affirmative defenses only partially explains the delay in providing the fifth

4

portion of Redmond's second supplemental response; it would appears that the other sections of his second supplemental response could have been provided much earlier. Certainly, the contention that Sirius' assertion of certain affirmative defenses was in bad faith could have been raised before Sirius formally withdrew these affirmative defenses.

The plaintiff contends that Sirius was not prejudiced by any untimeliness because the relevant information was known to Sirius. While in hindsight, Sirius might be able to look back upon the evidence adduced in discovery and recognize that some of it could be spun into additional distinct bad faith claims, Sirius was entitled to rely upon the representations of the plaintiff that his bad faith claim was narrow and limited to Sirius' denial of the claim. A defendant is not required to undertake expansive and comprehensive discovery simply to hedge against the possibility that the plaintiff will later attempt to expand the nature of his claim. Moreover, Sirius does not allege it was prejudiced because it did not know the underlying facts. Rather, it submits it was prejudiced because Redmond did not disclose how he intended to use those facts. In fact, Redmond affirmatively represented that he would not be alleging any other sort of bad faith argument. The court has no doubt that Sirius would have conducted discovery differently had these additional acts of alleged bad faith been timely presented.

Accordingly, the court hereby **grants Sirius' motion to strike, in part**. The court finds that the complaint adequately informed Sirius that Redmond alleged bad faith as a result of its denial of his claim and failure to adequately investigate the claim. Although presented as a distinct act in Redmond's second supplemental answer to interrogatory number 11, the alleged failure to investigate is encompassed within the cause of action in Redmond's complaint wherein he alleges that his claim was denied in bad faith. Thus, explicitly asserting this claim now is not inconsistent with the negative response Redmond initially offered in response to interrogatory

5

number 11. Therefore, numbers (3) through (6), inclusive, of Redmond's second supplemental answer to interrogatory number 11 are hereby stricken.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 18th day of September, 2013.

_Aaron E. Goodstein_
AARON E. GOODSTEIN
U.S. Magistrate Judge