**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**RYAN M. REDMOND,**

     **Plaintiff,**

  v.              Case No. 12-CV-587

**SIRIUS INTERNATIONAL INSURANCE CORPORATION,**

     **Defendant.**

---

## ORDER

### I. PROCEDURAL HISTORY

On January 15, 2014, the court resolved a number of motions related to this insurance coverage suit resulting from injuries the plaintiff sustained while skiing, including denying the plaintiff's motion for summary judgment, (Docket No. 63), and granting the defendant's motion for summary judgment regarding the plaintiff's bad faith claim related to the defendant's post-litigation conduct, (Docket No. 75). (Docket No. 110); Redmond v. Sirius Int'l Ins. Corp., 2014 U.S. Dist. LEXIS 5089 (E.D. Wis. Jan. 15, 2014). On February 14, 2014, the plaintiff filed a motion asking the court to reconsider its denial of the plaintiff's motion for summary judgment and seeking leave to file an amended complaint. (Docket Nos. 114, 115 (brief in support).) The defendant responded to the request to file an amended complaint with a motion to strike the plaintiff's motion. (Docket No. 117, 118 (brief in support).) The plaintiff has replied in support of his motion and responded in opposition to the defendant's motion to strike. (Docket No. 121.)

The defendant separately responded to the plaintiff's motion for reconsideration, (Docket No. 119), and the plaintiff has replied, (Docket No. 120).

## II. MOTION FOR RECONSIDERATION

A court possesses the inherent authority to revisit and revise its interlocutory orders, and thus parties will occasionally ask a court to do so. But the circumstances under which it may be appropriate for a court to grant such relief are narrowly circumscribed. An argument that was or could have been raised earlier will scarcely ever be an appropriate basis for a court to alter a prior decision. Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)). "Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

The plaintiff contends that the court must reconsider its denial of his motion for summary judgment because the use of "and/or" in the policy rendered it ambiguous. Specifically, in relevant part, the policy contains the following exclusion:

> any Injury or Illness sustained while taking part in … snow skiing except for recreational downhill and/or cross country snow skiing (no cover provided whilst skiing in violation of applicable laws, rules or regulations; away from prepared and marked in-bound territories; and/or against the advice of the local ski school or local authoritative body).…

(Docket No. 83, ¶33.)

There is no evidence that the plaintiff was injured while "skiing in violation of applicable laws, rules or regulations" or "against the advice of the local ski school or local authoritative body." Thus, the plaintiff now argues that because "and/or" could be read as stating the conjunctive or disjunctive, it is ambiguous. If the term is ambiguous, it is read against the insurer and in favor of the insured. Therefore, the term "and/or" must be read as "and" and consequently

2

all three of the elements must be satisfied for the exclusion to apply. In light of the fact that the evidence does not satisfy two of those elements, the skiing exclusion must not apply to his injuries. Therefore, in the view of the plaintiff, the factual dispute that precluded summary judgment—whether the plaintiff was skiing "away from prepared and marked in-bound territories"—is immaterial. Even if he was, because the other two elements of the exclusion are not present, the skiing exclusion could not bar coverage.

The first issue the court must confront is whether the plaintiff waived this argument by failing to raise it earlier. In his initial brief, aside from quoting or restating the policy provisions or deposition testimony, the only time "and/or" appeared in the plaintiff's initial brief in support of his motion for summary judgment was when he used the term, apparently without irony, in a heading introducing his arguments that the exclusion did not apply "and/or" were ambiguous. (Docket No. 64 at 12.) In fact, the plaintiff explicitly presented the three provisions of the skiing exclusion in the disjunctive, (see, e.g., Docket No. 64 at 14), and at no point did the plaintiff argue that he should prevail on his motion if the defendant could not demonstrate that all three provisions applied.

For the first time in reply, the plaintiff raised the argument that the use of "and/or" rendered the skiing exclusion ambiguous. The failure to raise this argument in his initial brief in support of his motion for summary judgment, standing alone, would be reason enough for the court to disregard it, but an additional reason is the fact that he cited only Wisconsin law in support. (Docket No. 104 at 11.) As the court stated in its summary judgment decision, in light of the fact that Indiana law governs the present dispute, the court disregarded any argument founded solely upon Wisconsin law. Redmond, 2014 U.S. Dist. LEXIS 5089, 16. In the reply submitted in support of his present motion, Redmond contends that there is no Indiana law

addressing this question, (Docket No. 120 at 6), but this explanation does not justify his reliance upon Wisconsin law. If there was no controlling law from Indiana and thus Wisconsin law was being presented as only persuasive authority to support Redmond's position as to how the Indiana Supreme Court would decide the issue if it was presented, it was incumbent upon Redmond to raise that point with the court. See Judson Atkinson Candies, Inc. v. Kenray Assocs., 719 F.3d 635 (7th Cir. 2013). It is plain from reading Redmond's initial brief that this was not the purpose for which he cited Wisconsin law; Redmond put all his eggs in the basket of arguing that Wisconsin law applied to the present dispute. (See Docket No. 104 at 10-12.)

"[I]t is well established that arguments raised for the first time in a reply brief are waived." Nationwide Ins. Co. v. Cent. Laborers' Pension Fund, 704 F.3d 522, 527 (7th Cir. 2013) (quoting Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011)); see also Grasso v. Colvin, 2013 U.S. Dist. LEXIS 111949, 40 n. 11 (E.D. Wis. Aug. 8, 2013). But the nature of this case and the parties' respective burdens make it so that it is not appropriate for the court to end its analysis with this general principle. A party seeking summary judgment is not obligated to present every theory it might have to support its position. For a variety of reasons, a litigant might choose to present only a single theory to support its position in support of a motion for summary judgment, believing perhaps that this theory plainly resolves the issue thus negating the need for alternatives, or perhaps the alternative argument will involve a dispute of material fact. But a party failing to raise all its arguments initially comes with risks. If the court does not grant the motion, the party might not be able to later present these secondary or alternative arguments. If the argument could have been raised earlier, it is not appropriate for a motion for reconsideration. Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 956 (7th Cir. 2013) (quoting Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). Rather, it might be the

4

appropriate subject for a renewed motion for summary judgment (but the court need not grant a party leave to file such an out of time motion), or perhaps the party may be able to raise the issue in a motion in limine. However, the party does not necessarily waive the argument, per se.

The obligation to "put up or shut up," see Porter v. City of Chicago, 700 F.3d 944, 956 (7th Cir. 2012) (quoting Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010)), is triggered only if the other side files an opposing motion for summary judgment. The defendant did so here, arguing, in relevant part, that there was no coverage because the plaintiff was skiing "away from prepared and marked in-bound territories." (Docket No. 71 at 21-20.) In response, the plaintiff never raised the "and/or" argument he seeks to raise here. Instead, he implicitly regarded the tripartite skiing exclusion in the disjunctive and argued that this portion of the exclusion was ambiguous because the provision was poorly drafted. (Docket No. 94 at 11-12.) The only point where the plaintiff came close to arguing that the three provisions should be read together is when he argued that under the rule of *ejusdem generis* they should be read to exclude coverage only when the insured was skiing where skiing was not permitted. (Docket No. 94 at 12-13.) Because the plaintiff was skiing where skiing was permitted, he argued that the exclusion cannot bar coverage for his claim. (Docket No. 94 at 12-13.) Never did he argue that the use of "and/or" rendered the entire skiing exclusion ambiguous because it created the possibility that its provisions could be read in the conjunctive.

The court concludes that by failing to raise this argument in response to the defendant's motion for summary judgment, where the issue was appropriately presented, the plaintiff has waived the opportunity to do so now. Courts frown upon needlessly piecemeal litigation, and summary judgment serves the valuable purpose of narrowing the issues for trial. Cases would proceed at an even more glacial pace if the court was to tolerate litigants raising alternative

5

arguments one at a time only after each preceding argument failed. The plaintiff argued that summary judgment was appropriate in his favor because none of the three skiing exclusions was applicable and that summary judgment was not appropriate in the defendant's favor because the plaintiff was not skiing away from prepared and marked in-bound territory, or at a minimum, the terms of those exclusions were ambiguous and a reasonable construction favored coverage.

Even if the court was to consider the merits of the plaintiff's motion, the court would not find that the plaintiff is entitled to the relief sought. The plaintiff failed to adequately demonstrate that the use of "and/or" in the contract rendered the exclusion ambiguous under Indiana law. The use of "and/or" might be bad writing, see Bryan A. Garner, *Bryan Garner on Words*, "Ax these terms from your legal writing," ABA Journal, April 1, 2014 (available at http://www.abajournal.com/magazine/article/ax_these_terms_from_your_legal_writing (last visited April 7, 2014), but it does not render this exclusion ambiguous. Any of the three provisions may bar coverage; the use of "and" clarifies (perhaps needlessly) that the exclusion remains applicable even if more than one provision applied in a particular situation. This is the only reasonable construction of the exclusion.

### III. MOTION TO AMEND COMPLAINT

In the absence of the defendant's written consent, the plaintiff may amend his complaint only with the leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

The plaintiff argues that leave should be granted for him to amend his complaint to add a claim of bad faith related to the defendant's conduct following the initiation of this case. This motion was predicated by the court's decision to grant the defendant's motion for summary judgment with respect to the plaintiff's bad faith claim. See Redmond v. Sirius Int'l Ins. Corp.,

2014 U.S. Dist. LEXIS 5089, 39-49. The court concluded that although post-litigation bad faith conduct might form the basis for a bad faith claim, this claim was not included in his complaint. Id. at 48-49. Thus, the plaintiff was necessarily not entitled to relief for this alleged conduct. Id.

The plaintiff argues that it notified the defendant early-on that it intended to rely upon post-litigation conduct as a basis for a bad faith claim and points to a supplemental answer to an interrogatory it served on January 19, 2013 wherein he stated the in addition to denying his claim, the defendant engaged in bad faith by attempting to rescind the certificate of insurance. (Docket No. 115 at 12.) He also points to an expert's report wherein the expert suggested that the defendant's effort to rescind the certificate was bad faith. (Docket No. 115 at 13-14.)

Moreover, following the close of discovery, the defendant withdrew its counterclaim and affirmative defenses. (Docket No. 50.) This, the plaintiff contends, also evidenced bad faith and again supplemented an interrogatory answer to indicate this. (Docket No. 115 at 14-15.) The defendant moved to strike this response, which the court granted, concluding that the plaintiff was, in effect, seeking to amend his complaint through his interrogatory answer. (Docket No. 80 (reported at Redmond v. Sirius Int'l Ins. Corp., 2013 U.S. Dist. LEXIS 133460 (E.D. Wis. Sept. 18, 2013).)

The court finds that the plaintiff's motion to amend his complaint is untimely and therefore shall be denied. The basis for the plaintiff's post-litigation bad faith claim was clear as of at least July 24, 2013 when the defendant filed an amended answer and counterclaim, withdrawing its counterclaim for rescission and certain affirmative defenses. (Docket No. 50.) The plaintiff obviously recognized this as of July 30, 2013 when he sought to supplement his answer to an interrogatory. (Docket No. 62.) On October 18, 2013, the court granted in part the defendant's motion to strike the plaintiff's supplemental answer. In this order, the court stated:

the proper means to expand a bad faith claim to incorporate [post-litigation conduct] is through a motion to amend the complaint. A plaintiff cannot amend his complaint through an answer to an interrogatory. Thus, irrespective of whether the court was to grant the motion to strike, the supplemental answer would seem to be irrelevant because the court has no reason to believe that Redmond would be permitted over objection to present at trial these distinct claims that were not included in his complaint.

Redmond v. Sirius Int'l Ins. Corp., 2013 U.S. Dist. LEXIS 133460, 6-7 (E.D. Wis. Sept. 18, 2013).

Thus, as of October 18, 2013, the plaintiff was explicitly informed by the court that absent amendment of his complaint, any claim of bad faith for post-litigation conduct would not be considered. Nonetheless, the plaintiff did not move to amend his complaint at that time. Instead, he waited until after the court ruled on the parties' numerous motions and scheduled this matter for trial.

As for the question of whether the defendant would be prejudiced by permitting this tardy amendment, the court has already addressed this subject. In granting the defendant's motion to strike the plaintiff's supplemental answer, the court stated:

> While in hindsight, Sirius might be able to look back upon the evidence adduced in discovery and recognize that some of it could be spun into additional distinct bad faith claims, Sirius was entitled to rely upon the representations of the plaintiff that his bad faith claim was narrow and limited to Sirius' denial of the claim. A defendant is not required to undertake expansive and comprehensive discovery simply to hedge against the possibility that the plaintiff will later attempt to expand the nature of his claim. Moreover, Sirius does not allege it was prejudiced because it did not know the underlying facts. Rather, it submits it was prejudiced because Redmond did not disclose how he intended to use those facts. In fact, Redmond affirmatively represented that he would not be alleging any other sort of bad faith argument. The court has no doubt that Sirius would have conducted discovery differently had these additional acts of alleged bad faith been timely presented.

Redmond v. Sirius Int'l Ins. Corp., 2013 U.S. Dist. LEXIS 133460, 8-9 (E.D. Wis. Sept. 18, 2013). The fact remains that the only bad faith claim alleged in the complaint related to pre-litigation conduct.

Nor does the court find that the plaintiff's assertion that he could simply file a new action alleging post-litigation bad faith merit granting him leave to now amend his complaint in this action. Contrary to the plaintiff's contention, it is very unlikely that any subsequently filed action would be consolidated with the present action, at least absent the agreement of the defendant. This is because any decision on consolidation shall lie with this court, see Civ. L.R. 42(a), and the court shall be strongly disinclined to grant such relief over the defendant's objection if it meant adjourning the trial that has been scheduled in this matter.

Therefore, the plaintiff's motion to file an amended complaint shall be denied. The defendant's motion to strike shall also be denied. The court finds this additional action unnecessary in light of the court's denial of the plaintiff's motion.

**IT IS THEREFORE ORDERED** that the plaintiff's motions for reconsideration and for leave to file an amended complaint, (Docket No. 114), are **denied**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike the plaintiff's motion for leave to file an amended complaint, (Docket No. 117), is **denied**.

Dated at Milwaukee, Wisconsin this 7th day of April, 2014.

AARON E. GOODSTEIN
U.S. Magistrate Judge